DIANE B. WEISSBURG [237136]
1842 Washington Way, #B
Venice, CA 90291
Telephone: (310) 577-0871
Telecopier: (310) 577-0875



Attorney for Plaintiff/Judgment Creditor Bree Walker Lampley

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE: | Case No.: 9;11-BK-12680-RR |
|---|---|
| JAMES GROVER MATESON, | COMPLAINT TO DETERMINE DISCHARGEABILJTY OF DEBT |
| Chapter 7 | |
| v. | |

JURISDICTION AND PARTIES

1. This is an adversary proceeding brought to determine the dischargeability of a debt, and a core proceeding over which the above-entitled Court has jurisdiction under 28 U.S.C. § 157(b)(2)(A), (I), and/or (0), and 28 U.S.C. § 1334(b). Therefore the above- entitled Court also has jurisdiction to enter a money judgment that is nondischargeable in any bankruptcy proceeding.

2. At all times herein material BREE WAKER LAMPLEY ("plaintiff"), is an individual residing in Los Angeles County, California, in the geographic jurisdiction of the above-entitled Court.

3. Defendant JAMES GROVER MATESON (collectively, "MATESON") is an individual; MATESON is the debtor in chapter 7 case number 9;11-bk-12680-RR

1

PETITION TO DETERMINE DISCHARGEABILITY OF DEBT

1  filed in the Santa Barbara Division of the above-entitled Court on or about June 6,
2  2011. At all times herein material MATESON resides in the City of Santa Barbara,
3  California, in the geographic jurisdiction of the above-entitled Court.

4      4. ALAN CRUTCHFIELD, (collectively "CRUTCHFIELD") is the debtor in
5  chapter 7 case number 9;11-bk-12679-RR filed in the Santa Barbara Division of the
6  above-entitled Court on or about June 6, 2011. At all times herein material
7  CRUTCHFIELD resides in the City of Santa Barbara, California, in the geographic
8  jurisdiction of the above-entitled Court.

9      5. IMVERSE ASIA INC., by ALAN CRUTCHFIELD, PRESIDENT,
10 (collectively "IMVERSE ASIA") is a Corporation doing business in Santa Barbara
11 California. At all times herein material CRUTCHFIELD resides in the City of Santa
12 Barbara, California, in the geographic jurisdiction of the above-entitled Court.

13     FIRST CLAIM FOR RELIEF

14     6. Plaintiff repeats, realleges, and incorporate herein by reference, each and
15 every allegation contained in paragraphs 1-5, inclusive, hereinabove, as though set
16 forth in full.

17     7. Plaintiff sued MATESON, and additional Defendants, for Fraud and Breach
18 of Written Contract, in Santa Barbara Superior Court action number 13440456
19 entitled Bree Walker; v. IMVERSE ASIA INC., by ALAN CRUTCHFIELD,
20 PRESIDENT, ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON,
21 DEFENDANT; and DOES 1-100. ("Superior Court action").

22     8. That Superior Court action was based on Defendants' ongoing "Ponzi
23 Scheme" and with Defendants' and each of them deliberately intending to defraud
24 Plaintiff by obtaining money from Plaintiff based on a personal loan to Defendants;
25 and Defendants' and each of them, had no intent to ever repay the loan.

26     9. On January 14, 2011, the first scheduled day of trial, Defendants and each
27 of them, entered into a delayed stipulated Court supervised judgment with Plaintiff.
28

10. The terms of the settlement agreement entered into by BREE WALKER LAMPLEY and IMVERSE ASIA INC., by ALAN CRUTCHFIELD, PRESIDENT, ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON, DEFENDANT on January 14, 2011 was a Court supervised delayed money judgment for $270,000.00 plus interest and was entered in favor of plaintiff, jointly and severally, and against defendants, and each of them.

11. The terms of the settlement entered into by BREE WALKER LAMPLEY and IMVERSE ASIA INC., by ALAN CRUTCHFIELD, PRESIDENT, ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON, DEFENDANT on January 14, 2011, specifically required that the debt of $270,000.00 was due and payable to PLAINTIFF in 90 days, but not later than 180 days if certain conditions were met. If the conditions were not met, the debt was immediately due and payable April 18, 2011.

12. The terms of the settlement entered into by BREE WALKER LAMPLEY and IMVERSE ASIA INC., by ALAN CRUTCHFIELD, PRESIDENT, ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON, DEFENDANT on January 14, 2011, required that the judgment against all Defendants, was to be joint and several and the debt was not dischargeable in Bankruptcy Court pursuant to 11 U.S.C. 523, et al, based on the conduct of the Defendants.

13. Plaintiff's said judgment against JAMES GROVER MATESON, IMVERSE ASIA, INC., AND ALAN CRUTCHFIELD in the Superior Court action is unsatisfied; through July 25, 2011. JAMES GROVER MATESON, IMVERSE ASIA, INC., AND ALAN CRUTCHFIELD judgment debt to plaintiff for principal, pre-judgment and post-judgment interest, pre-judgment costs, and post-judgment costs, totals $270,000.00.

14. Plaintiff is informed and believe, and thereon allege, that JAMES GROVER MATESON, IMVERSE ASIA, INC., AND ALAN CRUTCHFIELDS' acts and conduct that led to the entry of said judgment against them, jointly and

severely in the Superior Court action were and are willful and malicious injury to the person and/or property of each of the plaintiffs within the meaning of 11 U.S.C. §523(a)(6), therefore JAMES GROVER MATESON, IMVERSE ASIA, INC., AND ALAN CRUTCHFIELD said $270,000.00 judgment debt to plaintiff is nondischargeable in bankruptcy.

15. On June 7, 2011, PLAINTIFF requested the Court Honorable Thomas Anderle, Department 5, Santa Barbara Superior Court, enter judgment against defendants, jointly and severely for $270,000.00.

16. Plaintiff was informed at that June 7, 2011 hearing that Defendants' JAMES GROVER MATESON, AND ALAN CRUTCHFIELD filed for Bankruptcy on June 6, 2011.

17. The terms of the settlement entered into by BREE WALKER LAMPLEY and IMVERSE ASIA INC., by ALAN CRUTCHFIELD, PRESIDENT, ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON, DEFENDANT on January 14, 2011 at Santa Barbara, California, a copy of which is attached as Exhibit "1" and incorporated herein by reference

18. The terms of the settlement entered into by BREE WALKER LAMPLEY and IMVERSE ASIA INC., by ALAN CRUTCHFIELD, PRESIDENT, ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON, DEFENDANT on January 14, 2011 at Santa Barbara, California, was read into the Court Record, in open Court, a copy of which is attached as Exhibit "2" and incorporated herein by reference.

WHEREFORE, Plaintiff BREE WALKER LAMPLEY, prays for judgment against, ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON, DEFENDANT, and each of them:

1. For this Court's order that the total principal, interest, and costs set forth in the Judgment entered in favor of plaintiff and against defendant ALAN CRUTCHFIELD, AND JAMES MATESON, DEFENDANT in Santa Barbara

1 | Superior Court case number 1340456, $270,000.00, .is nondischargeable in bankruptcy;

2. For this Court's order that all post- judgment interest on the said $270,000.00 Judgment, and all post-judgment costs incurred to enforce that Judgment under the laws of California through the June 20, 2011 filing of his Chapter 7 cases 911-bk-12679-RR, and 911-bk-12680-RR a total of $270,000.00, is nondischargeable in bankruptcy;

3. For post-judgment interest on $270,000.00, at the federal maximum legal rate from June 20, 2011 through entry of judgment herein, and for this Court's order that all such sums are nondischargeable in bankruptcy;

4. For plaintiff's costs incurred herein, and for this Court's order that all such sums are nondischargeable;

5. For entry of judgment in favor of BREE WALKER LAMPLEY and against ALAN CRUTCHFIELD, DEFENDANT, AND JAMES MATESON, DEFENDANT, and each of them:

Dated: July 26, 2011

WEISSBURG LAW FIRM

*[signature]*

DIANE B. WEISSBURG
ATTORNEY FOR BREE WALKER LAMPLEY

///
///
///

---

5

PETITION TO DETERMINE DISCHARGEABILITY OF DEBT

1  IT IS ORDERED that an order shortening time for a hearing on Plaintiff's request for
2  the Court to Order Judgment for Plaintiff BREE WALKER LAMPLEY against Defendants
3  IMVERSE ASIA INC., by ALAN CRUTCHFIELD, PRESIDENT, ALAN CRUTCHFIELD,
4  DEFENDANT, AND JAMES MATESON, DEFENDANT, jointly and severally, pursuant to the
5  settlement agreement dated January 14, 2011, for $247,000.00, plus attorney fees of $22,000.00,
6  and costs in the amount of $1,100.00, plus 10% interest is hereby granted. Judgment for Plaintiff
7  BREE WALKER LAMPLEY against shall be entered against Defendants IMVERSE ASIA INC., *
8  ~~by ALAN CRUTCHFIELD, PRESIDENT, ALAN CRUTCHFIELD, DEFENDANT, AND~~
9  ~~JAMES MATESON, DEFENDANT, jointly and severally,~~ *pursuant to the Jan 14, 2011* ~~pursuant to the January 14, 2011,~~
10 settlement agreement.

Dated: *June 22, 2011*

THOMAS P. ANDERLE
JUDGE OF THE SUPERIOR COURT

THOMAS P ANDERLE

///
///
///

* THE COURT RESERVES JURISDICTION AS TO DEFENDANTS MATSON AND CRUTCHFIELD HAVING BEEN ADVISED THAT THEY HAVE FILED BANKRUPTCY ALBEIT THE COURT DID NOT SEE THAT ANY DOCUMENTS HAVE BEEN FILED IN THIS CASE INDICATING THAT WAS THE STATUS

6/22/11.

---

10

EX-PARTE AND MOTION FORR ORDER FOR JUDGMENT FOR BREE WALKER LAMPLEY, PLAINTIFF

```
 1            SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2               FOR THE COUNTY OF SANTA BARBARA
 3                         --oOo--
 4   BREE WALKER,                    )
                                     )
 5              Petitioner,          )
                                     )
 6        -vs-                       )   Case No.  1340456
                                     )
 7   IMVERSE ASIA INC et al,         )
                                     )
 8              Respondents.         )
                                     )
 9   _____)

10       REPORTER'S TRANSCRIPT OF SETTLEMENT PROCEEDINGS
11          BEFORE HON. COLLEEN K. STERNE, JUDGE
12                      DEPARTMENT 5
                 SANTA BARBARA, CALIFORNIA
13               Friday, January 14, 2011

14   APPEARANCES:

15   For the Petitioner:          DIANE WEISSBURG, ESQ
16

17
     For the Respondent:          JAMES MC KEE, ESQ.
18

19

20

21
     Reported by:                 SHELLEY HOUCHENS, CSR,
22                                Official Reporter
                                  CSR. No. 13227
23

24

25

26

27

28
```

```
 1    SANTA BARBARA, CALIFORNIA; FRIDAY, JANUARY 14, 2011;
 2
 3    DEPARTMENT NO. 5        HON. COLLEEN K. STERNE, JUDGE
 4
 5
 6                             -oOo-
 7
 8
 9            THE COURT:  Case number 11, 13440456 Bree
10    Walker versus Imverse Asia Inc et al.
11            MS. WEISSBURG:  Yes, your Honor, we do have
12    a settlement thanks to the mediator.
13            THE COURT:  Who will recite the terms of the
14    settlement?
15            MS. WEISSBURG:  Diane Weissburg on behalf of
16    Bree Walker, who is present in court.
17            MR. MC KEE:  James McKee on behalf of
18    Imverse Asia Inc and Alan Crutchfield and James
19    Matteson, defendants.
20            THE COURT:  Go ahead, please.
21            MS. WEISSBURG:  Thank you, your Honor. I'm
22    going to talk slowly for your benefit.
23            Your Honor, settlement of all claims pending
24    in this case has been resolved.  If all terms of the
25    settlement agreement are met, then the plaintiff's
26    causes of action will be dismissed with prejudice based
27    on the following terms:  One, defendants in each of them
28    agree to pay to the plaintiff a total of $247 plus
```

1  accrued interest -- $247,000 plus accrued interest,
2  attorney's fees and costs. That sum shall be paid in
3  90 days from today's date. In the event that $50,000 is
4  paid by these defendants during the 90-day period,
5  credit shall be given for that amount against the total
6  amount do you and it is agreed by the parties that the
7  date for filing any judgment will be stayed for an
8  additional 30 days. Judgment will be joint in several
9  against all of defendants. In the event that the
10 balance due is not paid in 90 days plus the additional
11 30 days, if the $50,000 payment is made, the judgment
12 for $247,000 plus interest at the current legal rate of
13 10 percent attorney's fees and costs shall be filed and
14 shall become a judgment for full amount as set forth
15 here in jointly and severally against each defendant.
16         In the event that the defendants pay nothing
17 within the 90-day period judgment shall be entered under
18 those terms and shall be filed by the plaintiff. This
19 judgment cannot be discharged in bankruptcy court
20 because of the conduct of these defendants. And each of
21 them, pursuant to a title 11 U.S. Code Section 523,
22 accept the terms of the settlement agreement is
23 confidential and shall remain so.
24         THE COURT: And is there any understanding
25 of what the amount of the attorney's fees are, or is
26 that subject to --
27         MS. WEISSBURG: It's subject to collection.
28 Right now your Honor, the attorneys fees are

1  approximately $22,000 since the inception of the case.
2  And then it would be 10 percent interest based on
3  statute in California from the date of the judgment
4  instead of the date of the breach of the loan agreement.
5             THE COURT:  Very well.  Any other --
6             MS. WEISSBURG:  There would be costs
7  approximately -- right now I believe it's $1100, the
8  original filings fees, service, things like that.
9             THE COURT:  And Mr. McKee, anything else you
10 want to add?
11            MR. MC KEE:  Well I don't think our costs
12 are -- no, nothing else.
13            THE COURT:  Ms. Weissburg, if you'd inquire
14 of your client please.
15            MS. WEISSBURG:  Thank you.  You are Bree
16 Walker.
17            MS. WALKER:  Yes, I am.
18            MS. WEISSBURG:  And you loaned the
19 defendants Allen Cruthfield James Matteson and Imverse
20 Asia $247,000?
21            MS. WALKER:  Correct.
22            MS. WEISSBURG:  And do you agree to the
23 terms as I just recited them to the court?
24            MS. WALKER:  I agree to these terms.
25            THE COURT:  And do you understand by
26 agreeing to these terms you'll never be able to come
27 back and seek any additional sum of money?
28            MS. WALKER:  I understand.

3

```
 1              THE COURT:  And you've had a chance to
 2   discuss the matter with your attorney and she's
 3   satisfied any questions that you have.
 4              MS. WALKER:  She has.
 5              THE COURT:  Very well.  Mr. McKee, if you
 6   would inquire please.
 7              MR. MC KEE:  Well, we --
 8              THE COURT:  Let me just ask --
 9              MR. MC KEE:  We have discussed the terms of
10   the settlement and you agree, both of you, each of you
11   agree to the settlement?
12              MR. CRUTCHFIELD:  Yes for ourselves and for
13   the company.
14              MR. MATTESON:  I do agree.
15              THE COURT:  It will be considered a
16   court-supervised settlement conditional in nature.  Are
17   you going to put something in writing?
18              MS. WEISSBURG:  Your Honor, I was going to
19   put this into an actual judgment, submit it to defense
20   counsel for his approval as to form, not content because
21   the content is on the record.  And then submit it to the
22   Court for signature, your Honor, at the conclusion of
23   the time period as specified.
24              THE COURT:  It will be --
25              MS. WEISSBURG:  It will be deferred until
26   that period.
27              THE COURT:  So all that will prepared is a
28   deferred judgement.
```

1            MS. WEISSBURG:  Right.
2            THE COURT:  And so words we're going to go
3   ahead and put it on the case management calendar
4   120 days out.  Because then we'll know dispositively
5   whether the 30-day extension applied.
6            MS. WEISSBURG:  That's correct.
7            THE COURT:  So I'm going to put it on the
8   Court's case management calendar on Monday, June 6th, at
9   8:30 a.m.  If the dismissal has been filed by that time,
10  then no one need appear.  On the other hand if there are
11  issues, then the parties will need to be present.
12           THE CLERK:  Shouldn't this be in department
13  3?
14           THE COURT:  He's Tuesday.
15           THE CLERK:  Yes.
16           THE COURT:  So instead of the 6th of June,
17  it would be the 7th.  So June 7th at 8:30 a.m.  That's in
18  Judge Anderle's department.
19           MR. MC KEE:  So we need to come back?
20           THE COURT:  If you don't pay and a dismissal
21  is not on file, you'll have to make that appearance.  If
22  the dismissal has been filed --
23           MR. MC KEE:  On June 7th, okay.
24           THE COURT:  -- then no one need come.
25           MR. MC KEE:  All right.
26           THE COURT:  And your trial date of 1/25 of
27  2011 and any other date expect for the CMC are vacated.
28           MS. WEISSBURG:  Thank you, your Honor.

5

```
 1    MR. MC KEE:  Thank you.
 2    (Proceedings in the above-entitled matter
 3    were concluded.)
 4                --oOo--
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

```
 1                       REPORTER'S CERTIFICATE
 2
 3   BREE WALKER,                  )
                     Petitioner,   )
 4        -vs-                     )   Case No.  1340456
     IMVERSE ASIA INC et al,       )
 5                   Respondents.  )
     _____)
 6
 7        I, SHELLEY HOUCHENS, CSR, Official Reporter of
 8   the above-entitled court, do hereby certify:
 9        That I am a Certified Shorthand Reporter of the
10   State of California, duly licensed to practice; that I
11   did report in Stenotype oral proceedings had upon
12   hearing of the aforementioned cause at the time and
13   place hereinbefore set forth; that the foregoing pages
14   numbered 1 through 6, inclusive, constitute to the best
15   of my knowledge and belief a full, true, and correct
16   computer-aided transcription from my said shorthand
17   notes so taken for the date of Friday, January 14, 2011.
18        Dated at Santa Barbara, California, this 23rd day
19   of January, 2011.
20
21
22
23
24                          _____CSR,
25                          Official Reporter, CSR No. 13227
26
27
28
```

FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

FILED
JUL 26 2011
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Bree Walker Lampley | James Grover Mateson |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Diane B. Weissburg, Esq 4724 La Villa Marina, #J, Marina del Rey, CA 90292 (310) 577-0871 | **ATTORNEYS** (If Known) Richard Hall, Esq. POB 237, Auburn, CA 95604 (530) 888-7100 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraud, Fraudulent Breach of Written Settlement Agreement; Judgment. for 270,000.00D. Debtors settlement agreement was based on actual fraud cause of action. Settlement agreement in open court specifically precluded debt being discharge in Bankruptcy Court, due to the conduct of the parties. Code Sections 11 U.S.C, 523,et seq.; 523(a)(6); 523(a)(2); and 523 (a)(4).

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[2] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 270,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                          2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| James Grover Mateson | 9;11-bk-12680RR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | Santa Barbara | Hon. Robin L. Riblet |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Bree Walker Lampley | Alan Crutchfield | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | Santa Barbara | Hon. Robin L. Riblet |

SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]*

DATE 7/25/11

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
Diane B. Weissburg

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.